**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon E. Nordeen, | No. CV-10-0568-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | [NOT FOR PUBLICATION] |
| America's Wholesale Lender, et al., | |
| Defendants. | |

Before the Court are Defendants' Motion to Dismiss Amended Complaint (Doc. 22) and Defendants' Request to Take Judicial Notice (Doc. 21) by Countrywide Home Loans, Inc., dba America's Wholesale Lender, BAC Home Loans Servicing LP ("BAC"), Mortgage Electronic Registration Systems ("MERS"), Leticia Quintana, and Recontrust Company, N.A. ("Recontrust"). MERS has not been served, and MERS joins Defendants' Motion to Dismiss and Request to Take Judicial Notice without waiving service. The Court declines to take judicial notice under Fed. R. Evid. 201(d) of Arizona and Nevada records of Plaintiff's real estate licensure because the Court does not rely on them in deciding the Motion to Dismiss.

**I.    Facts Assumed True**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Generally, material

beyond the complaint may not be considered in deciding a Rule 12(b)(6) motion. However, evidence on which the complaint "necessarily relies" may be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The following facts are assumed to be true for purposes of deciding Defendants' motion to dismiss, but the Court does not decide that they are true.

On June 21, 2006, Plaintiff obtained a thirty-year fixed interest loan from America's Wholesale Lender (a trade name of Countrywide Home Loans, Inc.) in the principal amount of $153,750 with an annual interest rate of 6.875% (the "Loan"). The Note was secured by a Deed of Trust on real property located in Surprise, Arizona (the "Property"). The Deed of Trust identifies Fidelity National Title Insurance as the Trustee and MERS as the beneficiary under the Deed of Trust and a nominee for the lender and the lender's successors and assigns.

At some point Plaintiff defaulted on the Loan. On November 5, 2009, Leticia Quintana, on behalf of MERS, signed a "Corporation Assignment of Deed of Trust Arizona," transferring all beneficial interest under the Deed of Trust to BAC. The same day, Leticia Quintana, on behalf of BAC, signed a "Substitution of Trustee Arizona," appointing Recontrust as successor trustee under the Deed of Trust. Also on November 5, 2009, Christina Balandran, on behalf of Recontrust, executed a "Notice of Trustee's Sale Arizona," which stated that the power of sale under the Deed of Trust would be exercised at a trustee's sale on February 9, 2010. It stated that the current trustee was Recontrust and the current beneficiary was Bank of America.

On February 4, 2010, Plaintiff initiated this action in Maricopa County Superior Court by filing a Complaint and Notice of Lis Pendens. The Complaint identified claims alleging, among other things, violations of federal statutes, *i.e.*, the Home Ownership Equity Protection Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Fair Credit Reporting Act. On March 12, 2010, Defendants removed the

case to federal district court based on federal question jurisdiction under 28 U.S.C. § 1331. On April 26, 2010, Plaintiff's Complaint was dismissed with leave to amend because the Complaint was not signed by Plaintiff or by an attorney admitted to practice in this Court. On May 20, 2010, the Property was sold at a trustee's sale for $160,112.95 to Federal National Mortgage Association.

## II. Order to Show Cause

On June 21, 2010, Plaintiff filed an Amended Complaint that does not include any federal claims and therefore does not meet the requirements for federal question jurisdiction under 28 U.S.C. § 1331. On its face, the Amended Complaint does not satisfy statutory requirements for diversity jurisdiction under 28 U.S.C. § 1332. Therefore, if Plaintiff files a further amended complaint, Defendants will be ordered to show cause by September 13, 2010, as to why, under 28 U.S.C. § 1367(c)(3), the Court should not decline to exercise supplemental jurisdiction over the Amended Complaint and remand this case to the state court.

## III. Legal Standards

"*[P]ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### A. Rule 8, Federal Rules of Civil Procedure

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint should consist of "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. A claim must be stated clearly enough to provide

each defendant fair opportunity to frame a responsive pleading. *Id.* at 1176. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### B. Rule 9(b), Federal Rules of Civil Procedure

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

### C. Rule 12(b)(6), Federal Rules of Civil Procedure

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although Plaintiff's allegations generally are assumed to be true on a motion to dismiss, that principle does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 1951 (2009).

## IV. Analysis

### A. The Amended Complaint Does Not Satisfy Fed. R. Civ. P. 8(a).

The Amended Complaint alleges specific acts but does not allege which Defendants committed which acts or how any of those acts caused Plaintiff harm. Filed before Plaintiff knew the Property was sold at a trustee's sale, the Amended Complaint alleges that Defendants are precluded from foreclosing on the Property because the Note

and Deed of Trust have been severed and Defendants have not proven that they are the "holder of rights under the Note and Deed of Trust." It also alleges:

> Plaintiff also believes that Plaintiff was enticed into this transaction with no requirements of income or assets so that the Note involved in this transaction could be deposited and that the money from that deposit was what funded this mortgage loan. Plaintiff was simply given the funds from that deposit and then that Note was channeled into investments, some being to invest Plaintiff[']s Note and then make money by investing and/or "gambling" by purchasing Credit Default Swaps that if Plaintiff would default on the payments, then they "the schemers" would make more money. Plaintiff lost the down payment and all equity from his property in this "scheme" by the Defendants.

The Amended Complaint further alleges:

> Defendants violated Plaintiffs[']s rights by making unfair loans that Plaintiff was not qualified for, not able to repay because Defendants had no stake in the loan of Plaintiff, in fact would probably make a lot of money on Plaintiff[']s default.

Failures to disclose material information before or during closing could have been committed by only the loan originator and could not have been committed by Defendants that did not participate in the Loan transaction. The Amended Complaint does not allege how any of the Defendants' actions after closing caused Plaintiff to default on the Loan. Thus, the Amended Complaint will be dismissed under Rule 8(a) because it does not plainly state which defendants are liable to plaintiffs for which wrongs, based on the evidence.

### B. No Arizona Authority Requires Defendants to Possess the Note in Order to Exercise the Power of Sale Under the Deed of Trust.

Under Arizona law, "[a] deed of trust is a three-party instrument where the trustor (borrower) transfers legal title in real property to the trustee (legal title holder) as security for the performance by the trustor or a third party of obligations to the beneficiary (lender)." Cammack, Kent E. et al., State Bar of Arizona, *Ins and Outs of Foreclosures*, § 1.2 (2007 ed.). From 1901 to 1971, Arizona statutes prohibited a trustee's exercise of a private power of sale, and a deed of trust was the functional equivalent of a mortgage, but in 1971, the Arizona legislature authorized the exercise of a nonjudicial power of sale

under a deed of trust. *Id.* To obtain the benefits of the Arizona Deed of Trust Act, lenders must strictly comply with its requirements:

> Compared to mortgage requirements, the Deed of Trust procedures authorized by statute make it far easier for lenders to forfeit the borrower's interest in real estate securing a loan, and also abrogate the right of redemption after sale guaranteed under a mortgage foreclosure. A mortgage generally may be foreclosed only by filing a civil action while, under a Deed of Trust, the trustee holds the power of sale permitting him to sell the property out of court with no necessity of judicial action. The Deed of Trust statutes thus strip borrowers of many of the protections available under a mortgage. Therefore, lenders must strictly comply with the Deed of Trust statutes, and the statutes and Deeds of Trust must be strictly construed in favor of the borrower.

*Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz. 473, 477, 578 P.2d 152, 156 (1978) (citations omitted); *accord Schaeffer v. Chapman*, 176 Ariz. 326, 328, 861 P.2d 611, 613 (1993).

The Amended Complaint implies, but does not explicitly allege, that Defendants have no right to enforce the Note because they are not holders in possession of the Note. Under Arizona's Deed of Trust Act, a "deed of trust" or "trust deed" conveys trust property to a qualified trustee to secure the performance of a contract or contracts, such as a note or provisions of the deed of trust. A.R.S. §§ 33-801(8), 33-801(4). The beneficiary of a deed of trust may appoint a successor trustee at any time for any reason. A.R.S. § 33-804(B). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in the performance of the contract or contracts, for which the trust property is conveyed as security." A.R.S. § 33-807(A). Thus, the Arizona Deed of Trust Act confers power of sale on the trustee appointed by the beneficiary upon default or breach of the contract secured by the trust deed without reference to possessing a note or other negotiable instrument.

Plaintiff cites no Arizona authority for the argument that, before exercising the power of sale, a trustee or beneficiary must show possession of the original note memorializing the underlying debt or other proof of being the holder of the note identified in the security instrument, and the Court has found none. "Where the state's highest court

- 6 -

has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), *modified at* 810 F.2d 1517 (9th Cir. 1987). Although no Arizona court or federal appellate court has decided this issue, many district courts for the District of Arizona have rejected the "show me the note" argument. *See, e.g., Ciardi v. Lending Co.*, No. CV10-0275-PHX-JAT, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Silvas v. GMAC Mortg., LLC*, No. CV09-0265-PHX-GMS, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010); *Contreras v. U.S. Bank*, No. CV09-0137-PHX-NVW, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009); *Blau v. America's Servicing Co.*, No. CV08-0773-PHX-MHM, 2009 WL 3174823 (D. Ariz. Sept. 29, 2009); *Goodyke v. BNC Mortg., Inc.*, No. CV09-0074-PHX-MHM, 2009 WL 2971086 (D. Ariz. Sept. 11, 2009); *Garcia v. GMAC Mortg., LLC*, No. CV09-0891-PHX-GMS (D. Ariz. Aug. 31, 2009); *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009); *but see Castro v. Exec. Tr. Servs., LLC*, No. CV08-2156-PHX-LOA, 2009 WL 438683 at *5 (D. Ariz. Feb. 23, 2009). No authority presented in this case suggests the Arizona state courts would arrive at a different conclusion.

Under the Arizona Deed of Trust Act, only a trustee or beneficiary satisfying statutorily defined requirements may exercise powers granted by the Act or the Deed of Trust. However, to date, no Arizona law requires the trustee or beneficiary to possess the original note in order to exercise the power of sale granted by the Deed of Trust.

### C. The Amended Complaint Does Not Allege Facts that State a Claim for Misrepresentation or Fraud by Omission.

The Amended Complaint alleges that Defendants "committed fraud in direct violation of ARS 13-2311 by failing to disclose to the Plaintiff, the predatory, unethical and unsound and unfair lending and foreclosure practices and bonuses and inflated salaries paid pursuant thereto." A.R.S. § 13-2311 provides:

> [I]n any matter related to the business conducted by any department or agency of this state or any political subdivision thereof, any person who,

> pursuant to a scheme or artifice to defraud or deceive, knowingly falsifies, conceals or covers up a material fact by any trick, scheme or device or makes or uses any false writing or document knowing such writing or document contains any false, fictitious or fraudulent statement or entry is guilty of a class 5 felony.

This criminal statute does not grant Plaintiff a right to file a civil suit for a violation. Further, the Amended Complaint does not allege that the misrepresentation or fraud by omission occurred in a matter related to the business conducted by a state agency, department, or political subdivision.

To state a fraud claim under Arizona common law,

> A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury. Each element must be supported by sufficient evidence. "Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence."

*Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982) (citations omitted). The Amended Complaint does not allege that any false statements were made to Plaintiff or any information was concealed or not disclosed that Defendants had a legal duty to disclose. Further, it does not allege how any such false statements or omissions caused Plaintiff's default or any other injury.

Further, the Amended Complaint does not allege with particularity, as required by Fed. R. Civ. P. 9, what the "predatory, unethical and unsound and unfair lending and foreclosure practices and bonuses and inflated salaries paid pursuant thereto" were or how their disclosure would be relevant to Plaintiff's decision to obtain a loan to purchase a home. The Amended Complaint alleges, "Defendants knew that their behavior was not in the best interest of the Plaintiff and Defendants knowingly took Plaintiff down a path of economic turmoil, suffering and loss." In his response to the motion to dismiss, Plaintiff states:

> Plaintiff has been harmed by the mental anguish of the Defendants['] fraudulent acts and the loss of income. The Defendants knew all along that this housing market would crash. These defendants were a part of it.

If Plaintiff means that Defendants failed to warn him that residential property values were not going to continue to rapidly increase as they did before he purchased the Property or that rental income from the Property may decline, he has failed to identify any authority imposing such a duty on Defendants.

Thus, the First Cause of Action for Misrepresentation and Fraud by Omission will be dismissed under Fed. R. Civ. P. 8(a)(2) because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; under Fed. R. Civ. P. 9(b) because it does not state with particularity the circumstances constituting fraud; and under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted.

The other eight causes of action pled in the Amended Complaint also fail because they also depend allegations that Defendants failed to disclose something they were required to disclose to Plaintiff and that somehow the omission affected his decision to enter into the Loan agreement or his ability or willingness to fulfill his obligations under the Loan. Moreover, the other alleged causes of action state nothing more than "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555. Therefore, all of the Amended Complaint will be dismissed under Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6).

### V. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The initial Complaint was dismissed for lack of Plaintiff's signature and without identification of the specific deficiencies explained here. Therefore, the Amended Complaint will be dismissed with leave to file a further amended complaint by August 30, 2010. Plaintiff may not replead any claims that he has previously voluntarily withdrawn. If Plaintiff does not file a further amended complaint by August 30, 2010, this action will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Defendants' Request to Take Judicial Notice (Doc. 21) is denied.

1    IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Amended
2 Complaint (Doc. 22) is granted.
3    IT IS FURTHER ORDERED that the Amended Complaint (Doc. 19) is dismissed
4 with leave to file a further amended complaint by August 30, 2010. If no further
5 amended complaint is filed by then, this action will be dismissed with prejudice.
6    IT IS FURTHER ORDERED that Defendants show cause by September 13, 2010,
7 as to why, under 28 U.S.C. § 1367(c)(3), the Court should not decline to exercise
8 supplemental jurisdiction over the Amended Complaint and remand this case to the state
9 court.
10   DATED this 10th day of August, 2010.

*/s/ Neil V. Wake*
Neil V. Wake
United States District Judge